UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARCIA LEOLA MUÑOZ-SIMS,<br><br>Plaintiff,<br><br>v.<br><br>DEREK SCHROEDER, *Branch Manager, One Main Financial*; ONE MAIN FINANCIAL, LLC; ONE MAIN FINANCIAL SOLUTIONS; and TRITON INSURANCE COMPANY,<br><br>Defendants. | Civil No. 24-4544 (JRT/SGE)<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY THE CASE |

---

Marcia Leola Muñoz-Sims, 455 Central Avenue Southeast, Suite 725, Minneapolis, MN 55414, *pro se* Plaintiff.

Natalia S. Kruse, **HUSCH BLACKWELL LLP**, 80 South Eighth Street, Suite 2800, Minneapolis, MN 55402, for Defendants.

Plaintiff Marcia Muñoz-Sims brings these consolidated actions pursuant to the Fair Credit Reporting Act against Defendants One Main Financial, LLC, One Main Financial Solutions (collectively "OneMain"), OneMain employee Derek Schroeder (collectively "OneMain Defendants"), and Triton Insurance Company ("Triton"). Defendants move to stay the case and enforce an arbitration agreement between the parties. Muñoz-Sims opposes their motion because she alleges the agreement was unconscionable. While the Court has concerns about the procedural unconscionability of the agreement, the agreement is not substantively unconscionable. Therefore, the Court will grant

Defendants' motion to compel arbitration and stay proceedings in this case pending arbitration.

## BACKGROUND

### I. FACTS

Marcia Muñoz-Sims needed money, fast. So when a payday lender targeted her with an email advertisement in June 2022 offering her an unsecured loan of $1,500, she jumped at the chance. (Pl.'s Mem. Supp. Mot. Deny Def.'s Mot. Compel Arbitration ("Pl.'s Mem.") at 4, Jan. 8, 2025, Docket No. 12.)[1] After a quick phone call with a representative from OneMain, she was approved within fifteen minutes. (*Id.*) Muñoz-Sims was relieved—she had bills to pay. (*Id.*) OneMain described her payment responsibilities over the phone, collected her banking information, and sent her the rest of the terms of the contract by email. (*Id.*) Still, OneMain stressed that signing the documents was urgent: she needed to sign as quickly as possible to avoid losing access to the funds. (*Id.*) So Muñoz-Sims quickly read through the terms of the contract, printed in size 6 font, while sitting in her parked car outside her workplace and signed on her cell phone. (*Id.*)

Muñoz-Sims paid off that $1,500, but by January 2023, she needed funds again. (*Id.*) So she called OneMain again, this time initially requesting $7,000. (*Id.*) But OneMain

---

[1] Muñoz-Sims used a pro se form provided by the state district court in her initial complaint, but the form gives her less than a page to articulate the relevant facts here. Construing her pleadings liberally, the Court will rely on her recount of the facts in her later motion for the factual allegations. Unless stated otherwise, citations are to the docket in Civil No. 24-4544.

tried to persuade her that she should instead opt for a loan for $13,000.  (*Id.* at 4–5.)  Muñoz-Sims was wary—she wasn't sure she needed that much money.  (*Id.* at 5.)  But OneMain assured her that if she was worried about falling behind on payments, she could purchase their voluntary credit insurance, through Defendant Triton.  (*Id.*)  That insurance would prevent any adverse consequences if Muñoz-Sims ever became involuntarily unemployed or disabled.  (*Id.*)  "We are here for the unexpected," OneMain assured her.  (*Id.*)  So Muñoz-Sims agreed by again signing the contract on her phone.  (*Id.*)

That loan agreement contained an arbitration clause.  (Decl. of Zach Burton ¶ 4, Ex. A ("Loan Agreement") at 6–7,[2] Dec. 26, 2024, Docket No. 8.)  In a section titled, "ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL," the agreement allowed "either party to elect arbitration of any covered claim."  (*Id.* at 6.)  Covered claims were defined broadly, including "claims arising out of or relating to any aspect of the relationship between" OneMain and Muñoz-Sims.  (*Id.*)  That contract also specifically extended to "claims arising out of or relating to any insurance product[,]" and "claims brought by or against [Muñoz-Sims's] and [OneMain's] Third Parties," including "any entities which provided insurance in connection with this or any previous transactions between [Muñoz-Sims] and [OneMain.]"  (*Id.*)

---

[2] Citations are to ECF pagination.

In September 2023, Muñoz-Sims became involuntarily unemployed and filed an involuntary unemployment claim with OneMain according to the terms of her credit insurance election. (Pl.'s Mem. at 5–6.) That was the point at which Muñoz-Sims alleges something changed. OneMain and Triton engaged in an alleged harassment campaign against her. (*Id.* at 6.) She alleges the companies called her over fifty-two times to send in paperwork she had already sent to prove up her involuntary unemployment and warned her of adverse actions if her accounts were not paid. (*Id.*) For at least three months during this period, no payments were made on Muñoz-Sims's debt. (*Id.*) As a result, the major credit bureaus received adverse reports, and at least one of Muñoz-Sims's other credit lines was cancelled. (*Id.* at 6–7.)

## II.   PROCEDURAL HISTORY

In November 2024, Muñoz-Sims filed an action against OneMain and OneMain employee Derek Schroeder, alleging violations of the Fair Credit Reporting Act for supplying false information to the credit bureaus of her late payments. (OneMain Notice Removal, Ex. A at 4, Dec. 18, 2024, Docket No. 1.) Separately, Muñoz-Sims filed a substantially similar action against Defendant Triton. (Triton Notice Removal, Ex. A, Jan. 17, 2025, Docket No. 1, Civil No. 25-214.) The actions were consolidated. (Order, Apr 25, 2025, Docket No. 27.) OneMain moved to compel arbitration and stay proceedings based on the Loan Agreement's arbitration clause, and Triton joined in that motion after the cases were consolidated. (Mot. Compel Arbitration, Dec. 26, 2024, Docket No. 6; Notice Joinder at 1, June 17, 2025, Docket No. 30.) Muñoz-Sims responded to both the original

motion and to Triton's joining of that motion. (Pl.'s Mot. Den. Def.'s Mot. Compel Arbitration, Jan. 8, 2025, Docket No. 11; Mot. Den. Joinder, June 25, 2025, Docket No. 33.)[3] Muñoz-Sims then asked for a word count extension on her response to Triton's joinder. (Req. Word Count Extension, June 27, 2025, Docket No. 34.) Finally, Muñoz-Sims moved to amend her Complaint to add various exhibits and some state law claims. (Motion to Alter/Amend/Suppl. Pleadings, July 30, 2025, Docket No. 40.)

## DISCUSSION

### I. STANDARD OF REVIEW

A party who believes that a dispute is subject to arbitration may move for an order compelling arbitration and staying the proceedings. 9 U.S.C. § 3. On a motion to compel arbitration and stay proceedings under the Federal Arbitration Act ("FAA"), the Court does not determine the merits of the substantive issues, but simply whether the parties have agreed to submit a particular grievance to arbitration. *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 699 (8th Cir. 2008). When considering such a motion, the Court is therefore limited to determining (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the specific dispute is within the scope of that agreement. *Pro Tech Indus. Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004).

---

[3] Muñoz-Sims filed her responses in the form of motions, but the Court construes these documents as responses to the arbitration motion.

In determining whether an agreement exists, the Court applies "ordinary state law contract principles." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 504 (8th Cir. 1999). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements . . . ." *Dr.'s Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

In determining its scope, an arbitration agreement should be construed liberally, with any doubts resolved in favor of arbitration. *See MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005). The party seeking to avoid arbitration bears the burden of proving that the claims at issue are not suitable for arbitration. *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000).

## II.   ANALYSIS

Muñoz-Sims does not dispute that she signed the OneMain arbitration agreement. And though Triton was not party to the OneMain contract, the arbitration agreement clearly extends to claims arising from disputes with third-party insurers like Triton, so each of the claims Muñoz-Sims brings fall within the scope of the arbitration agreement.[4] Therefore, the primary dispute is whether the arbitration agreement was unconscionable and thus unenforceable.

---

[4] Muñoz-Sims now seeks to amend her Complaint to add state-law claims, but those claims still relate to the contract she signed and would be subject to arbitration, so the Court will deny that motion.

Under Minnesota law, "a contract is unconscionable if no clear-thinking person would make it, or if no such person would accept it." *Wold v. Dell Fin. Servs., L.P.*, 598 F. Supp. 2d 984, 988 (D. Minn. 2009) (citing *Kauffman Stewart, Inc. v. Weinbrenner Shoe Co.*, 589 N.W.2d 499, 502 (Minn. Ct. App. 1999)). "In assessing whether an agreement is unconscionable, the Court must consider all of the facts and circumstances as a whole." *LeMaire v. Beverly Enters. MN, LLC*, No. 12-1768, 2013 WL 104919, at *4 (D. Minn. Jan. 9, 2013) (citing *Pickerign v. Pasco Mktg., Inc.*, 228 N.W.2d 562, 565 (Minn. 1975)). In applying Minnesota law, courts in this District typically hold that a party wanting to avoid arbitration must show the contract was both procedurally and substantively unconscionable. *See, e.g.*, *Butler v. ATS Inc.*, No. 20-1631, 2021 WL 1382378, at *19 (D. Minn. Apr. 13, 2021); *Yufan Zhang v. UnitedHealth Grp.*, 367 F. Supp. 3d 910, 916 (D. Minn. 2019).

Overall, the Court finds the Loan Agreement procedurally unconscionable. As a contract of adhesion,[5] the Loan Agreement was presented such that Muñoz-Sims had no ability to negotiate the terms of the contract. Further, OneMain's high-pressure sales tactics forced Muñoz-Sims to sign quickly or else lose a vital source of funds on which she depended. *Cf. Baker v. Sci. Applications Intern. Corp.*, 273 F. App'x 577, 578–79 (8th Cir. 2008) (finding a contract was not unconscionable, in part because plaintiff had it for

---

[5] "[T]he times in which consumer contracts were anything other than adhesive are long past." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346–47 (2011).

twenty-three days before signing it, during which time he could have consulted with an attorney, negotiated new terms or sought other employment).

Substantively, however, the Court does not find the underlying contract unconscionable. Muñoz-Sims's primary argument is that arbitration agreements are inherently abusive because they "strip[] consumers of meaningful and necessary access to the courts, further widening the imbalance of power" and rendering consumers "effectively powerless in the face of corporate misconduct." (Pl.'s Mem. at 13.) That may be so. But for better or for worse, the Supreme Court has already held that the power imbalances inherent to arbitration, standing alone, cannot render an arbitration agreement unenforceable under the FAA. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346–47 (2011); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 236 (2013).

That does not mean that, post-*Concepcion*, courts are powerless to find contracts with arbitration agreements unconscionable. *See, e.g.*, *Sheelit v. AmeriSave Mortg. Corp.*, No. 8:24-1786, 2024 WL 5317305, at *6–7, 9–10 (C.D. Cal. Oct. 21, 2024) (finding an employment contract for a California-based employee substantively unconscionable when it required the arbitration take place in Georgia and applied only to claims brought by the employee, not the employer). But Muñoz-Sims's specific objections to provisions in the contract do not rise to the level of substantive unconscionability. The Loan Agreement does not, as Muñoz-Sims alleges, give Defendants the unilateral right to choose the arbitrator and location of arbitration. (Pl.'s Mem. at 7.) Instead, both sides

may alternatively strike a seven-person list provided by the American Arbitration Association until a neutral, experienced arbitrator remains. (Loan Agreement at 6.) Nor is a more limited and streamlined discovery process necessarily unconscionable. *See Sheelit*, 2024 WL 5317305, at *8 (noting courts often find "provisions providing less discovery to be not unconscionable"). Though a different contract with more severe substantive imbalances may well have been unenforceable, this particular contract must stand.

## CONCLUSION

Muñoz-Sims asks the Court to set aside her agreement to arbitrate her claims against Defendants because the contract she signed was unconscionable. But she has not met her burden to do so. Though the Court finds the contract procedurally unconscionable, nothing in its substance, as applied to this case, rises to unconscionability. Therefore, the Court will grant the Motion to Compel Arbitration and stay the case pending arbitration.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendants' Motion to Compel Arbitration [Docket No. 6] is **GRANTED**, and all claims against OneMain Defendants and Triton will be referred to arbitration;

2. Plaintiff's Motion to Deny Defendants' Motion to Compel Arbitration [Docket No. 11] is **DENIED**;

3. Plaintiff's Motion to Deny Joinder [Docket No. 33] is **DENIED**;

4. Plaintiff's Motion for a Word Count Extension [Docket No. 34] is **DENIED as moot**;

5. Plaintiff's Motion to Alter/Amend/Supplement Pleadings [Docket No. 40] is **DENIED**; and

6. The case shall be **STAYED** pending the outcome of the arbitration, and the parties shall submit a joint letter to the Court within 30 days of a final arbitration decision indicating whether there are further issues for the Court to resolve.

DATED: August 4, 2025
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                         United States District Judge