UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARCIA LEOLA MUÑOZ-SIMS,<br><br>Plaintiff,<br><br>v.<br><br>DEREK SCHROEDER, *Branch Manager, One Main Financial*; ONE MAIN FINANCIAL, LLC; ONE MAIN FINANCIAL SOLUTIONS; and TRITON INSURANCE COMPANY,<br><br>Defendants. | Civil No. 24-4544 (JRT/SGE)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

---

Marcia Leola Muñoz-Sims, 455 Central Avenue Southeast, Suite 725, Minneapolis, MN 55414, *pro se* Plaintiff.

Natalia S. Kruse, **HUSCH BLACKWELL LLP**, 80 South Eighth Street, Suite 2800, Minneapolis, MN 55402, for Defendants.

Plaintiff Marcia Muñoz-Sims brought these consolidated actions under the Fair Credit Reporting Act against Defendants One Main Financial, LLC, One Main Financial Solutions, OneMain employee Derek Schroeder, and Triton Insurance Company (collectively, the "Defendants"). Defendants moved to stay the case and enforce an arbitration agreement between the parties.[1] The Court granted the motion, concluding

---

[1] (Mot. Compel Arbitration, Dec. 26, 2024, Docket No. 6; Notice of Joinder at 1, June 17, 2025, Docket No. 30.)

that even though the underlying contract was procedurally unconscionable, it was not substantively unconscionable. *Muñoz-Sims v. Schroeder*, Civ. No. 24-4544, 2025 WL 2210932 (D. Minn. Aug. 4, 2025). Muñoz-Sims then filed a Notice of Appeal to the Eighth Circuit. (Notice of Appeal, Aug. 15, 2025, Docket No. 49.)[2] On September 8, 2025, Muñoz-Sims filed a pro se application to proceed in forma pauperis ("IFP") on appeal. (Appl. Proceed IFP on Appeal, Sept. 8, 2025, Docket No. 60.)

A party seeking to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id.* § 1915(a)(3).

Muñoz-Sims has satisfied both requirements to proceed IFP on appeal. First, Muñoz-Sims' application demonstrates that she is unable to pay the full filing fee. Second, even though the Court believes that Muñoz-Sims is unlikely to be successful,[3] the

---

[2] The docket entry for Plaintiff's Notice of Appeal indicates that the Notice relates to the Court's order granting Defendants' Motion to Consolidate. (Notice of Appeal, Aug. 15, 2025, Docket No. 49.) But because pro se filings must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will interpret the Notice as reflecting Plaintiff intent to appeal the Court's Memorandum Opinion and Order granting Defendants' Motion to Compel Arbitration as well.

[3] The Court believes that Muñoz-Sims is unlikely to be successful for the reasons set forth in its previous orders and because this matter is not immediately appealable. The Supreme Court recently held that the Federal Arbitration Act ("FAA") requires courts to stay—rather than dismiss—actions involving arbitrable disputes. *Smith v. Spizzirri*, 601 U.S. 472, 477–49 (2024).

Court finds that Muñoz-Sims' appeal is not taken in bad faith—and thus, Muñoz-Sims has a right to be heard on appeal. The Court will therefore grant Muñoz-Sims' application to proceed IFP.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Muñoz-Sims' Application to Proceed In Forma Pauperis on Appeal [Docket No. 60] is **GRANTED**.

DATED: December 2, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

The Court reasoned that "staying rather than dismissing a suit [subject to arbitration] comports with the supervisory role that the FAA envisions for the courts," given that the "FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration." *Id.* As a result, an order compelling arbitration is not immediately appealable unless the district court certifies a controlling question of law under 28 U.S.C. § 1292(b), which the Court has not done here. 9 U.S.C. § 16(b); *see also Spizzirri*, 601 U.S. at 478. Because Muñoz-Sims' case has been stayed (and no final judgment has been entered), the Court does not consider its previous order compelling arbitration immediately appealable.